**UNITED STATES of America,
Plaintiff,**

v.

**George D. HARRIS, II, Defendant.**

**No. CRIM. 03–50035.**

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 29, 2003.

Barney R. Whitesman, Martin T. Lievois, Flint, MI, for George D. Harris, II(1), defendant.

Robert W. Haviland, U.S. Attorney's Office, Flint, MI, for U.S. Attorneys.

### *OPINION AND ORDER DENYING MOTION TO SUPPRESS EVIDENCE*

GADOLA, District Judge.

Before the Court is Defendant's motion to suppress evidence in regard to the

knock-and-announce rule. The Court held hearings on this motion on November 12, December 4, and December 16, 2003. For the reasons set forth below, the Court will deny the motion.

On November 14, 2002, a search warrant was executed at Defendant's residence. Pursuant to the warrant, federal agents and police officers seized firearms, ammunition, and drug paraphernalia. On June 11, 2003, the grand jury rendered a one-count indictment against Defendant: felon in possession of a firearm, 18 U.S.C. § 922(g)(1).

In the motion, Defendant alleges that when agents executed the search warrant, they failed to knock and announce, as required by the Fourth Amendment and 18 U.S.C. § 3109, before they entered Defendant's residence. As a result, Defendant seeks to suppress all evidence obtained by the Government in the aforementioned seizure.

■ The knock-and-announce rule requires that, before agents execute a search warrant, they identify themselves and indicate that they are present for the purpose of executing a warrant. *See United States v. Banks*, —— U.S. ——, —— – ——, 124 S.Ct. 521, 524–29, 157 L.Ed.2d 343, —— – —— (2003); 18 U.S.C. § 3109. Specifically, § 3109 states: "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

In general, a knock-and-announce motion can take one of three paths. First, a defendant could concede that the agents knocked and announced but argue that they failed to wait a reasonable period of time before entering the premises. *See United States v. Spikes*, 158 F.3d 913, 925 (6th Cir.1998). Second, a defendant could argue that the agents never knocked and announced, and the Government could concede that its agents did not knock and announce but invoke the exigent circumstances exception to the knock-and-announce rule. *See Banks*, 124 S.Ct. at 524–29 (2003). Third, a defendant could argue that the agents never knocked and announced, and the Government could flatly disagree and argue that its agents did indeed knock and announce.

This third path is the only alternative at issue in this case. Thus, the Court confronts a straightforward evidentiary determination: whether or not the agents knocked and announced before their forced entry into Defendant's residence. In this case, this determination boils down to an assessment of credibility. The testimony of five federal agents tends to show that the agents fully complied with the knock-and-announce rule. On the other hand, the testimony of Defendant and two Defense witnesses tends to show the agents failed to comply with the knock-and-announce rule.

■ After carefully considering all of the evidence, the Court finds that the agents did knock and announce before they entered Defendant's residence. Although there was an inconsistency between Agent Bowden's testimony and the testimony of the other four agents with respect to who announced the agents' presence at the residence,[1] the Govern-

---

1. Agent Bowden testified that only Agent Koostra announced; the other four agents testified that many agents announced the group's presence at Defendant's residence.

The Court notes that Agent Bowden's hearing impairment may be the cause of this particular inconsistency. Nonetheless, the Court also notes that all five agents testified that

ment's five witnesses were substantially more credible than Defendant's three witnesses.

Defendant and his primary supporting witness, Charletha Robinson, were both in Defendant's residence on the evening in question. Each testified that they did not hear anyone knock and announce before the agents entered the residence. The credibility of Defendant's testimony is in doubt due to its self-serving nature as well as Defendant's recent felony convictions. *See* Fed.R.Evid. 609. Moreover, the testimony of Ms. Robinson is even less credible than Defendant's testimony. Ms. Robinson varied her testimony on the stand; she evaded questions on cross-examination; and she freely and voluntarily admitted that she had intentionally lied on a prior occasion in this matter. Additionally, Defendant and Ms. Robinson were consuming alcohol and cocaine prior to the agents' entry; thus, the accuracy of their perception and recollection is suspect.

Defendant's third witness, Colita Moore, lives next door to Defendant's residence. She testified that she saw the agents jump out of their cars and run to Defendant's residence. She further testified that she heard nothing outside: no one yelling "police" or "search warrant," for example. However, she stated that her windows and doors were closed. As a result, her ability to hear things outside of the residence next door was diminished. Further, she did not hear the agents bash down Defendant's door. Since she did not hear the considerable amount of noise generated by a nearby door being smashed open, the Court questions her ability, under the circumstances, to hear agents announcing their presence at the residence next door.

Consequently, having found that the agents knocked and announced before they entered Defendant's residence, the Court will deny Defendant's motion to suppress evidence.

■ Additionally, although the duration of the waiting period is not at issue in this case, the Court finds that the agents waited ten to thirty seconds, and the Court concludes that this was a reasonable period given the fact that the agents were searching for drugs and guns inside the residence and given the time of day of the search (dinner hour). *See Spikes,* 158 F.3d at 926–27. Further, the Court notes that, given the exigency created by the drugs and guns in this particular situation, the agents arguably could have entered Defendant's residence without knocking and announcing. *See Banks,* 124 S.Ct. at 524–29.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to suppress evidence in regards to the knock-and-announce rule is **DENIED**.

**SO ORDERED.**

Agent Koostra was the one who knocked on Defendant's door.